UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WENDY DREWS,

                    Plaintiff,

           -against-

ROCKLAND PULMONARY AND MEDICAL
ASSOCIATES; GOOD SAMARITAN
HOSPITAL; BON SECOUR MEDICAL
GROUP; WHC NETWORK,

                    Defendants.

24-CV-6695 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, a resident of Rockland County, brings this action *pro se* under the court's federal question jurisdiction, alleging that Defendants violated her federally protected rights. (ECF 1 ¶ IA.) By order dated September 18, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses this action.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co*., 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff filed this complaint against the following private medical entities located in Rockland County: (1) Rockland Pulmonary and Medical Associates ("RPMA"); (2)Good Samaritan Hospital ("GSH"); (3)WMC Network ("WMC"); and (4) Bon Secours Medical Group ("BSMG"). According to Plaintiff, Defendants "misdiagnos[ed]" her "with three prescription medicines not needed Medicaid fraud failure to protect patient health safety and life [*sic*]"; and a nurse "never took [her] vitamin levels knowing [she] was at risk for B12 deficiency with other

health conditions," which can cause "serious body injury and harm and death."[1] (ECF 1 ¶ III.) Plaintiff alleges that she "almost died and got full body MRI to assess body damages," and also had "hand surgery." (*Id.*) Plaintiff further asserts that Defendants committed "medical crimes and medical malpractice, leading to" violations of her constitutional rights, "loss of community, safety, body health. Malicious prosecution, FCA, fraud on the courts and played a part in the abduction of my minor son with false reports to CPS to cover up their medical crimes."[2] (ECF 1 ¶ IA.)

Attached to the complaint are documents from a lawsuit that Plaintiff filed on March 1, 2024, in the New York Supreme Court, Rockland County, asserting medical malpractice claims against RPMA, an RMPA nurse practitioner named Patricia Underwood, GSH, and BSMG. *See Drews v. Underwood*, Index No. 2024/207. Also attached are Plaintiff's medical records. (*Id.* at 8-21.)

## DISCUSSION

### A.    Subject Matter Jurisdiction

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, a federal district court has jurisdiction only when a "federal question" is presented or, when asserting claims under state law under the court's diversity jurisdiction, when the plaintiff and defendant are citizens of different

---

[1] The Court quotes from the complaint verbatim, including the use of the "their" pronoun. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

[2] On the same day that Plaintiff filed this complaint, she filed five other *pro se* complaints, which also appear to relate, at least partially, to her child's removal from her custody. *See Drews v. Vill. of Suffern*, ECF 1:24-CV-6700, 1 (LTS); *Drews v. Greater Mental Health of New York*, ECF 1:24-CV-06699, 1 (LTS); *Drews v. Adams*, ECF 1:24-CV-6698, 1 (LTS); *Drews v. GoldOller Real Estate Invest.*, ECF 1:24-CV-6697, 1 (LTS); *Drews v. Senior Suffern High Sch.*. ECF 1:24-CV-6696, 1 (LTS).

States and the amount in controversy exceeds the sum or value of $75,000. "[I]t is common

ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any

stage of the proceedings, may raise the question of whether the court has subject matter

jurisdiction." *United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Prop.*

*Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v.*

*Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P.

12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court

must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)

("[S]ubject-matter delineations must be policed by the courts on their own initiative.").

### 1.     Federal Question Jurisdiction

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the

Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under the

court's federal question jurisdiction if the complaint "establishes either that federal law creates

the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a

substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730,

734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690

(2006)). Mere invocation of federal question jurisdiction, without any facts demonstrating a

federal law claim, does not create federal question jurisdiction. *See Nowak v. Ironworkers Loc. 6*

*Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Insofar as Plaintiff asserts medical malpractice claims against private medical facilities,

her complaint does not suggest that any of her claims could arise out of federal law, because she

is asserting state law claims against private medical facilities. *See, e.g.*, *Rhee v. Good Samaritan*

*Hosp.*, No. 12-CV-8508 (NSR), 2015 WL 1501460, at *1 (S.D.N.Y. 2015) (identifying Good

Samaritan Hospital as "a private facility" and dismissing claim under 42 U.S.C. § 1983 because

the plaintiff failed to allege that a state actor violated his constitutional rights). The Court therefore does not have federal question jurisdiction of Plaintiff's medical malpractice claims against Defendants.

Plaintiff briefly mentions "Medicaid fraud" and "FCA," which the Court understands to be a reference to the False Claims Act ("FCA"). 31 U.S.C. § 3729(a). The FCA imposes civil liability on any person who "knowingly presents, or causes to be presented, to an officer or employee of the United States Government . . . a false or fraudulent claim for payment or approval." 31 U.S.C. § 3729(a). The federal government, or a private person (known as a "relator"), may bring suit for the United States of America in a *qui tam* action where there has been fraud on the federal government. 31 U.S.C. § 3730(a), (b)(1); *see United States ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 932 (2009).

In *qui tam* actions under the FCA, "relators have standing to sue not as agents of the United States, but as partial-assignees of the United States' claim to recovery." *United States ex rel. Eisenstein v. City of New York*, 540 F.3d 94, 101 (2d Cir. 2008) (citing *Vermont Agency of Nat. Res. v. United States ex rel. Stevens*, 529 U.S. 765, 773-74 (2000)). The United States "remains the real party in interest." *U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 93 (2d Cir. 2008). Although a *qui tam* action is litigated by the relator, it is not the relator's own case nor one in which the relator has "an interest personal to h[er]." *Id.* (citing *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998)).

In order to proceed *pro se*, "[a] person must be litigating an interest personal to h[er]." *Iannaccone*, 142 F.3d at 558. Authorization to proceed *pro se* in federal court is set forth in 28 U.S.C. § 1654, which provides that "parties may plead and conduct their own cases personally or by counsel." Because a litigant can proceed *pro se* only when bringing her own case, and

because a *qui tam* action under the FCA is brought for and in the name of the United States, which remains the real party in interest, a litigant cannot pursue such an action *pro se*. *See Flaherty*, 540 F.3d at 93 ("Because relators lack a personal interest in False Claims Act *qui tam* actions, we conclude that they are not entitled to proceed pro se. . . .28 U.S.C. § 1654."). Because Plaintiff cannot proceed *pro se* under the FCA,[3] the Court dismisses any FCA claim without prejudice.[4]

**2.    Diversity of Citizenship Jurisdiction**

Plaintiff also does not allege facts demonstrating that the Court has diversity jurisdiction over this action. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendants are citizens of different States. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted). Plaintiff indicates in the complaint that both she and Defendant reside in New York, precluding complete diversity of citizenship.

---

[3] Although some courts have stated that a private relator cannot proceed *pro se* under the FCA for lack of standing, other courts characterize the issue "as a matter of statutory construction" under 28 U.S.C. § 1654. *See Santos v. Eye Physicians & Surgeons, P.C.*, No. 3:18-CV-1515 (VAB), 2019 WL 3282950, at *9 (D. Conn. July 22, 2019) (citing *Mergent Servs.*, 540 F.3d at 93).

[4] In any event, Plaintiff's sole allegation is that Defendants prescribed medication for her that was "not needed Medicaid fraud [*sic*]." (ECF 1 ¶ III.) An FCA claim must involve fraud against the federal government, not the state government or an individual. While not dismissing on this basis, the Court notes that Plaintiff's complaint does not provide facts to support an FCA claim.

**B.        Denial of Leave to Amend**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend her complaint.

## CONCLUSION

The Court dismisses this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter a judgment dismissing this action for the reasons set forth in this order.

SO ORDERED.

  Dated:    October 28, 2024
            New York, New York

                                                    /s/ Laura Taylor Swain
                                                    LAURA TAYLOR SWAIN
                                                    Chief United States District Judge

7